# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| MICHELLE CHARLES, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-11-4115 | |
| § | | |
| OCWEN LOAN SERVICING, LLC, § | | |
| *et al.*, § | | |
|     Defendants. § | | |

## MEMORANDUM AND ORDER

This case is before the Court on Plaintiff Michelle Charles's Motion to Remand [Doc. # 11], to which Defendants Ocwen Loan Servicing, LLC ("Ocwen") and Deutsche Bank National Trust Company ("Deutsche Bank") filed a Response [Doc. # 27].[1]  Having considered the full record and the governing legal authorities, the Court concludes that non-diverse Defendant Mackie, Wolf, Zientz & Mann, P.C. ("Mackie") was not improperly joined.  As a result, the Court lacks subject matter jurisdiction over this dispute, and the Court **grants** the Motion to Remand.

---

[1] Also pending are the Motion for Dismissal [Doc. # 16] filed by Defendant Mackie, Wolf, Zientz & Mann, P.C., and the Motion to Dismiss [Doc. # 28] filed by Defendants Ocwen and Deutsche Bank.  Because the Court lacks subject matter jurisdiction, these motions are denied without prejudice to being reurged following remand to state court.

## I.    BACKGROUND

Plaintiff filed this lawsuit in Texas state court alleging that Defendants improperly foreclosed on her property. Plaintiff alleged specifically that Mackie is a "debt collector" within the meaning of the Texas Finance Code's Debt Collection Practices Act ("DCPA").

On November 28, 2011, Ocwen and Deutsche Bank removed this case alleging federal subject matter jurisdiction on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332. Ocwen and Deutsche Bank argued that non-diverse Defendant Mackie had been improperly joined and, as a result, its Texas citizenship should not be considered for diversity jurisdiction purposes. Plaintiff filed a timely Motion to Remand, which has been fully briefed and is now ripe for decision.

## II.    LEGAL STANDARDS

"'Federal courts are courts of limited jurisdiction.'" *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 337 (5th Cir. 2004); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "'They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.'" *Rasul*, 542 U.S. at 489 (quoting *Kokkonen*, 511 U.S. at 377 (citations omitted)). The court "must presume that a suit lies outside this limited

jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery*, 243 F.3d at 916 (citing *Kokkonen*, 511 U.S. at 377); *see also Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005).

Defendants assert that Mackie was improperly joined and, as a result, the Court should disregard its Texas citizenship for purposes of diversity jurisdiction. A non-diverse defendant may be found to be improperly joined if either there is "actual fraud in the plaintiff's pleading of jurisdictional facts" or if the removing defendant demonstrates that the plaintiff cannot establish a cause of action against the non-diverse defendant. *See Kling Realty Co., Inc. v. Chevron USA, Inc.*, 575 F.3d 510, 513 (5th Cir. 2009) (citing *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007)). There is no allegation of actual fraud in Plaintiff's pleading of the jurisdictional facts in this case.

The test under the second prong "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*)). The party asserting improper joinder bears a heavy burden of persuasion. *Id.* at 514. "[A]ny doubt about the propriety of removal must be resolved in favor of

remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

## III. ANALYSIS

In response to Plaintiff's Motion to Remand, Defendants argue that Mackie was improperly joined because it was the substitute trustee against whom there is no liability under Texas law. Plaintiff alleges however, that Mackie is a debt collector, not the substitute trustee. In support of her position that Mackie served as a debt collector in connection with her mortgage loan, and not as a substitute trustee, Plaintiff alleges that Mackie identifies itself as a debt collector when answering telephone calls to its office. Additionally, Plaintiff has submitted the Notice of Foreclosure Sale which identifies "Jerel Twyman, Michael Zientz, Wes Webb, John Lynch or Emily Stroope c/o AVT Title Services" as the substitute trustee.[2] *See* Notice of Foreclosure Sale, Exh. A to Motion to Remand. There is no evidence in the record that Mackie served as substitute trustee in connection with Plaintiff's mortgage loan and the foreclosure of that loan. Consequently, Mackie's argument that there is no possibility that Plaintiff could recover against it in state court because it was the substitute trustee is not supported by this record.

---

[2] The original trustee under the Deed of Trust was Dennis P. Schwartz. *See* Deed of Trust, Exh. A to Response to Motion to Remand.

The DCPA provides that "a debt collector may not use a fraudulent, deceptive, or misleading representation that . . . misrepresent[s] the character, extent, or amount of a consumer debt." *See* TEX. FIN. CODE § 392.304(a)(8). A debt collector is also prohibited from "threatening to take an action prohibited by law." *See id.*, § 392.301(a)(8). Plaintiff alleges that Mackie, as a debt collector, violated the Texas DCPA by improperly threatening to move forward with the foreclosure knowing it could not legally do so, and by misrepresenting the extent and amount of the debt. *See* Amended Complaint [Doc. # 10], ¶¶ 38, 40. These allegations could state a claim against Mackie under Texas law for violation of the DCPA. *See Harding v. Regent*, 347 F. Supp. 2d 334, 337 (N.D. Tex. 2004). As a result, Defendants have not satisfied their heavy burden to demonstrate that there is no possibility that Plaintiff could recover against Mackie in state court.

## IV. CONCLUSION AND ORDER

Based on the foregoing, Defendants have failed to establish that there is no possibility that Plaintiff could recover in state court against non-diverse Defendant Mackie. As a result, Mackie was not improperly joined and the Court must consider Mackie's Texas citizenship. Because Plaintiff and Mackie are Texas citizens, the Court concludes there is not complete diversity in this case. Accordingly, the Court lacks subject matter jurisdiction, and it is hereby

**ORDERED** that Plaintiff's Motion to Remand [Doc. # 11] is **GRANTED**.  It is further

**ORDERED** that Defendants' Motions to Dismiss [Docs. # 16 and # 28] are **DENIED WITHOUT PREJUDICE** to being reurged in state court.

The Court will issue a separate Remand Order.

SIGNED at Houston, Texas, this 15th day of **March, 2012**.

_____
Nancy F. Atlas
United States District Judge